UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAMITRIUS CREIGHTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15 CV 01595 RWS |
| | ) | 4:13 CR 00477 RWS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on a motion by Petitioner Damitrius Creighton ("Creighton") to vacate his sentence under 28 U.S.C. § 2255, alleging that under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), he is no longer subject to an enhanced sentence for a "crime of violence" conviction under 18 U.S.C. § 924(c)(3)(B). Respondent United States of America opposes the motion, arguing that <u>Johnson</u> does not entitle Creighton to relief. For the reasons that follow, I will deny Creighton's motion.

**I. Background**

On October 30, 2014, Creighton pled guilty to the following two counts of a four-count indictment: (i) Count I: conspiracy to interfere with commerce by threats or violence under 18 U.S.C. § 1951(a), and (ii) Count II: possession of a firearm in furtherance of the conspiracy charged in Count I (a "crime of violence")

1

under 18 U.S.C. § 924(c). On January 27, 2015, Creighton was sentenced to an aggregate sentence of 72 months, consisting of 12 months of imprisonment for Count I and a consecutive 60 months of imprisonment for Count II [Crim. Doc. 141]. Under Count II, Creighton was subject to a mandatory minimum statutory sentence.

Creighton waived direct appeal of his sentence. On October 19, 2015, Creighton filed a pro se Motion to Vacate under 18 U.S.C. § 2255, asking the Court to vacate, set aside, and/or correct his sentence based upon <u>Johnson</u> [Crim. Doc. 151]. The Court subsequently opened the accompanying civil case and appointed the Federal Public Defender as counsel. In his motion, Creighton argues that the <u>Johnson</u> holding entitles him to relief, since his conviction for conspiracy to interfere with commerce by threats or violence no longer qualifies as a "crime of violence."

**II.    Legal Standard**

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Under § 2255, "a defendant in federal custody may seek post-conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." <u>Watson</u>

2

v. United States, 493 F.3d 960, 963 (8th Cir.2007). Creighton bears the burden of showing that he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970).

### III.  Analysis

Creighton's claim for relief relies upon the Johnson holding that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The Johnson case focused upon the ACCA, which mandates sentencing enhancements for defendants previously convicted of three or more "violent felonies." 18 U.S.C. § 924(a). The Johnson court invalidated a portion of the ACCA called the residual clause, which concerned prior convictions for a "violent felony" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); *see* Johnson 135 S. Ct. 2551 (addressing Johnson petitioner's conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)). Although Creighton was not sentenced under the ACCA provisions which were at issue in Johnson, Creighton asserts that the Johnson analysis and holding should be extended to his "crime of violence" conviction under 18 U.S.C. § 924(c).

Here, Creighton was sentenced under 18 U.S.C. § 924(c) rather than the ACCA. 18 U.S.C. § 924(c) mandates minimum sentencing enhancements for persons convicted of a "crime of violence" who use or carry a firearm in

furtherance of such crime. 18 U.S.C. § 924(c)(3) defines a "crime of violence" to include a conviction that is a felony and: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Creighton argues that the second part of this definition, 18 USC § 924(c)(3)(B), is unconstitutionally vague in light of the Johnson decision. Creighton acknowledges that his conviction would qualify as a crime of violence if he was sentenced under 18 U.S.C. § 924(c)(3)(A), so the parties focus their argument upon 18 U.S.C. § 924(c)(3)(B). Creighton asserts that his conviction should be vacated if he was sentenced to 60 months of imprisonment under 18 U.S.C. § 924(c)(3)(B) and the Court finds that provision unconstitutional.

I must deny Creighton's motion. I am bound by the Eighth Circuit's recent decision in United States v. Prickett, 839 F.3d 697 (8th Cir. 2016), *cert. denied*, 138 S. Ct. 1976 (2018), which expressly rejected Creighton's argument that the Johnson case can be extended to invalidate 18 USC § 924(c)(3)(B). The Prickett court held, "Johnson does not render § 924(c)(3)(B) unconstitutionally vague." Id. at 700. The Prickett court provided several reasons for this holding, including that § 924(c)(3)(B), unlike the ACCA: (i) uses "distinctly narrower" statutory language, "especially in that it deals with physical force rather than physical injury" and "by

its nature" requires a more definite "[r]isk of physical force against a victim;" (ii) does not use the word "otherwise" to link the "substantial risk" standard "to a confusing set of examples" for courts to analogize; (iii) has no history of conflicting Supreme Court decisions attempting to "come up with a coherent interpretation of the clause;" and (iv) concerns a distinct set of circumstances. Id. at 699-700.

Other circuit courts have similarly declined to extend the Johnson holding to 18 U.S.C. § 924(c)(3)(B), see United States v. Taylor, 814 F.3d 340 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 1975 (2018), although several of these courts have revisited their holdings in response to the United States Supreme Court's holdings in Sessions v. Dimaya, 138 S.Ct. 1204 (2018). *See, e.g.,* United States v. Hill, 832 F.3d 135, 145 (2nd Cir. 2016), amended and superseded by 890 F.3d 51, n.2 (2d Cir. 2018); United States v. Davis, 677 Fed.Appx. 933, 2017 WL 436037 (5th Cir. 2017), cert. granted, judgment vacated sub nom. Glover v. United States, 138 S. Ct. 1979 (2018). In Dimaya, the Supreme Court held that the similarly-worded criminal law, 18 U.S.C. § 16(b), is unconstitutionally vague, but it "express[ed] no view" as to whether 18 U.S.C. § 924(c)(3)(B) fails for the same reason. The language of the two statutes "appears identical . . . in all material respects." United States v. Taylor, 814 F.3d 340, 378 (6th Cir. 2016), cert. denied, 138 S. Ct. 1975 (2018). The statute struck down in Dimaya defines a crime of violence as

5

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

The statute under which Creighton was sentenced defines a crime of violence as

> . . . an offense that is a felony and
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The only difference between the two statutes is the placement of the word "felony," which pertains to both subparagraphs (A) and (B) in 18 U.S.C. § 924(c)(3), but only to subparagraph (b) in 18 U.S.C. § 16. As a result, the language of 18 U.S.C. § 924(c)(3)(B) and 18 U.S.C. § 16(b) appear to be the same.

Noting this similarity, the Second Circuit superseded its prior ruling upholding the risk-of-force clause in § 924(c)(3)(B), and instead, decided to "express no view as to whether the "risk-of-force" clause, § 924(c)(3)(B), is void for vagueness." United States v. Hill, 890 F.3d 51, n. 2. Similarly, the Fifth Circuit

is reconsidering its opinion upholding § 924(c)(3)(B) after the Supreme Court vacated and remanded that judgment "for further consideration in light of Sessions v. Dimaya." Davis v. United States, 138 S. Ct. 1979, (Mem) (2018); see also United States v. Salas, 889 F.3d 681, 686 (10th Cir. 2018) ("Dimaya's reasoning for invalidating § 16(b) applies equally to § 924(c)(3)(B)."). In contrast, the Supreme Court denied certiorari in United States v. Prickett, 839 F.3d 697 (8th Cir. 2016), *cert. denied*, 138 S. Ct. 1976 (2018) and in United States v. Taylor, 814 F.3d 340 (6th Cir. 2016), *cert. denied*, 138 S. Ct. 1975 (2018), both of which upheld § 924(c)(3)(B).

Based on the similarity between the statutes, and the Supreme Court's decision in Dimaya ruling that 18 U.S.C. § 16(b) is unconstitutionally vague, petitioner's argument has support in other federal Circuit Courts. I am bound, however, by the Eighth Circuit's recent decision in Prickett, which is still controlling law in this Circuit. As a result, I will deny Creighton's petition to vacate his sentence.

**IV.  Certificate of Appealability**

Under 28 U.S.C. § 2253, Creighton may not take an appeal to the court of appeals from a final order in a § 2255 proceeding unless a circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).  To grant such certificate, the judge must find a substantial showing of the denial of a federal constitutional

right. Id. at § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946, 115 S.Ct. 355 (1994)). Because the Eighth Circuit may wish to revisit its ruling in Prickett, 839 F.3d 697, based on the Supreme Court's ruling in Dimaya finding 18 U.S.C. § 16(b) unconstitutionally vague, I will issue Creighton a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Damitrius Creighton's Motion to Vacate Sentence and For Resentencing [1] and Amended Motion to Vacate Sentence and For Resentencing [19] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Second Amended Motion to Vacate Sentence and For Resentencing [28] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will be issued in this matter.

An appropriate judgment will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2018.